Alright, Mr. Cicutti, you have reserved two minutes for revocations. Good morning, your honors. May it please the court. My name is Anthony Cicutti. I represent Mr. Kareem Elkorany on appeal. I did not represent him in the district court. At the outset, I want to make it abundantly clear that there's no question that this is a serious case involving serious and extreme conduct and that Mr. Elkorany did admit to two of the counts charged in the indictment along with other serious conduct that was not charged against him as part of his plea agreement with the government. Our primary issue in our brief is essentially that where the government is seeking the maximum punishment under the law, which in this case was four to five times the guideline range and where the defendant has accepted responsibility and again also admitted to significant other conduct and where there is also undeniable mitigating factors under 3553A that contributed to the criminal conduct, the sentencing court must engage in a thorough and searching analysis of the 3553A factors during the sentencing and on the record. And we argue that the sentencing court did not do so and was also unduly influenced by the substantial victim impact evidence that was presented. Maybe we should start there because it was puzzling to me that your predecessor counsel and your client not only stipulated to this information but stipulated that it was relevant conduct and should be and could be considered by the court. So with that stipulation, why would it be improper for the judge to actually hear from the victims of those crimes? Your Honor, we are not contesting that it was improper that the victims were heard. They absolutely had a right to be heard. There were just too many that were heard from? It's not necessarily the volume. It was the lack of limitation that was imposed. What does that mean, the lack of limitation? She should have used time limits like we use in the court of appeals? There could have been a variety of limitations that she could have imposed, and I have several that I could offer. For example, the proceeding could have been conducted in two phases, one in the morning, one in the afternoon. But why? I mean, in other words, there's no jury here. This is the judge. The judge would be hearing it in the morning and the afternoon. So what about staggering the presentation would have affected the judge's assessment of this testimony? I think that when there are a significant amount of victims that are going to be speaking, and in this case there were nine, and there were also a number of statements, written statements, that were provided to the sentencing court beforehand, the court knew going into the proceeding that there was going to be a substantial amount of inherently prejudicial information that would be presented against Mr. El-Khorani. And so setting some... So the court had to pace itself? I think setting some limits to prevent against being unduly and overly influenced by that type of evidence, to take a pause, to take a break, and say, okay, I've heard from the variety of victims. I mean, is there any authority for this proposition that judges need to sort of take a break before they continue with testimony in a sentencing hearing? I think it speaks to the discretion that the sentencing court has, and where the government, again, is seeking the legal maximum sentence. In this case, it was 15 years. And that was clear well before the day of the sentencing, right? Right, correct. I think once the government filed their submission, they made it clear what penalty that they were seeking. And so the sentencing court knew going into the proceeding that there was going to be a significant amount of victim impact evidence. And I think to make sure to get it right and to undertake a thorough process and guard against being unduly influenced by the degree of victim impact evidence, setting some breaks to focus on the particular considerations. So, for example, setting aside time for the victims to be heard, but then devoting some time for the presentation of the mitigating arguments by defense counsel to also- But what is the indication that the court was unduly influenced by these things, as opposed to stoically and patiently just considering it? Well, I think the word consider is important, because after defense counsel made her presentation and asked the sentencing court, does the court have any questions, the answer was no. And I think, again, that speaks to the lack of thorough and searching analysis that was done during the proceeding, and also the degree to which the sentencing court was influenced. There is also another important example of this, which is the sentencing court's inaccurate understanding and acceptance of Mr. Al-Qurani's remorse and acceptance of responsibility. As I noted at the outset, he admitted to conduct both charged and uncharged. And that was a clear demonstration of acceptance of responsibility. Well, I mean, there was a benefit to this, too, right? I mean, in certain jurisdictions, by accepting that conduct as relevant conduct for purposes of sentencing, it might have forestalled a separate prosecution in another jurisdiction, right? Well, I'm not so sure that was the case here, because the conduct that Mr. Al-Qurani admitted to, in addition to what he pled to, was conduct that I believe the Southern District did not have jurisdiction for. Well, the Southern District didn't, but the states might have had jurisdiction, right? Well, he was not prosecuted, and also there were statute of limitations issues. Nonetheless, Mr. Al-Qurani did- It's all relevant conduct. I mean, he admitted to drugging and sexually assaulting each of the following individuals on multiple occasions, and then we list victims 3, 6, 7, 4, 5, 8, 9, 10, 13, 15, 19, and then there was the addition of a 20th, as I recall. And he admits all of that and concedes that it's relevant conduct and bears on. I mean, that was part of what the district court said, that the guidelines range was totally unreflective of the extent and gravity and the duration of this despicable conduct. So your client admitted to all of that, and I don't understand what you'd be saying, how that this is acceptance of responsibility and a demonstration of remorse. He had definite benefits, as Judge Sullivan is pointing out, to having chosen this path. Your Honor, my point is that Mr. Al-Qurani did accept responsibility. He did admit to conduct that was outside of the indictment, and Judge Buchwald specifically said in her statement of reasons that Mr. Al-Qurani has not demonstrated an acceptance of responsibility or recognition of the horrific nature of his crimes. Well, I think she might have been talking about it as a personal matter. I mean, what would you point to as an expression of remorse? His own statement, where he says, I'm deeply, deeply sorry for the pain I've caused, for the betrayal of relationships, for the violation of trust. My actions will follow me for the rest of my life, as they should, and the rest of my life will be filled with regret and remorse. But the judge's point, at least at one point in the colloquy, was he's asking for a lower sentence so he could then get therapy, which she thought was sort of reflective of a lack of recognition of the seriousness of these offenses. Are we to second-guess that? Well, Your Honor, he also says in the same statement that he's committed to doing, and I quote, everything in my power to be a better person, to become a better person, with the help of treatment, which I do readily accept. This was a person who fully accepted responsibility, expressed remorse and contrition both at the time of his sentencing and by way of his actions, by pleading guilty to charged and uncharged conduct. Would an addition to the words that you just read demonstrate that he has accepted responsibility or shown remorse in any way? First, he pled guilty. I think that is clearly a demonstration of acceptance of responsibility. The fact that he admitted to conduct that is outside of the indictment, that is significant, extensive, also suggests remorse and contrition. He participated in the sentencing process. He made the statement at sentencing. I don't think there should be any question that he accepted responsibility and was remorseful. Well, he got acceptance of responsibility in connection with the guidelines, but the judge went well above the guidelines, as you mentioned. But, I mean, aren't these all the sorts of things that we allow district judges to weigh? And you may disagree with the balancing that the judge engaged in, but we typically would defer to a district judge who's there, who's looking at the person and hearing the words, to assess the sincerity of the remorse and the acceptance of responsibility. Why would we second-guess that here? I think, Your Honor, again, where the government is seeking the maximum possible punishment, and this court has said that where an extraordinary punishment is going to be imposed or considered to be imposed, extraordinary justification has to occur. But maximum possible judgment for the crimes that were charged here. But had each of the crimes to which he admitted been charged separately, the maximum possible punishment would have been well above the 15 years that he received now. Isn't that right? It depends on what he would have been charged with, but again- He admitted to drugging and raping 20 people repeatedly over time. I mean, if each of those crimes had been separately charged, the maximum possible punishment would have been well beyond what he received here. Absolutely, Your Honor. There's no question about that. Again, but I'm coming back to the process, and there needed to be a thorough and searching analysis of the mitigating information in 3553A factors. But what leads you to say it wasn't searching or thorough? I mean, we presume that courts read all the materials presented, and it seemed that Judge Buchwald reflected as much, that she was aware and had reviewed everything that had been submitted by the parties. She sat through the sentencing proceeding. What is in the record to suggest that she missed stuff or that she didn't consider things? Well, using her own words, she indicated that she briefly addressed the defense submission and position. That's the first point. Secondly, she did not- Well, she's not required to address every single argument that is made by a defendant. I mean, we've certainly made that clear. A judge doesn't have to do that. Are you saying that where there's an upward departure, that a district judge is required then to address every single argument and every submission that is made? Well, Your Honor, on the record, she did not address a single argument that was made during the sentencing by defense counsel. Defense counsel, again, asked her at the conclusion of her presentation if the court had any questions, and the court said no. Well, wait. So I'm just going to be clear on this. So at a sentencing proceeding, defense lawyer gets up and speaks, is prepared to sit down and says, do you have any questions? And at that point, the judge is required to basically give a laundry list of things that the judge is going to consider and give the defense lawyer a chance to respond to those? No, I'm not saying that there's a legal requirement. The judge did go through a variety of the arguments that have been raised, including about whether he fully recognized and accepted responsibility for the harms caused, including whether his childhood was such that it should be a mitigating factor. I mean, she went through those things, right? She did. I acknowledge that. But I don't think, and this comes back to the failure to limit the victim impact evidence, I don't believe that it was the mitigating factors, when they were briefly addressed, were accurately understood. Okay, so what's the best evidence? Give me the best example of what the judge didn't understand about the mitigating factors. Well, I think acceptance of responsibility. From this record, the sentencing court got it wrong. And I don't want to rehash those arguments, but that's one point. Second point is, with respect to Mr. Alkirani's childhood and upbringing, he was sexually abused. That was a factor that the expert had dug into and had written about at length in his submissions. And his upbringing was not properly assessed. In fact, Judge Buchwald had indicated that her view was that Mr. Alkirani was blaming his parents. That was never the purpose. The purpose of it was to provide context to his upbringing, to indicate that he had suffered some severe harms growing up, and that he had subsequently developed mental health conditions and substance abuse problems. But it seems that she didn't deny any or fail to acknowledge or understand those facts. She declined to give them weight or sufficient weight to sentence to anything less than the maximum sentence. That's a balancing exercise that we don't generally stop judges from doing. This is a 15-year sentence. There are lots of people in jails all over the country that are serving more than that for a single rape. You would agree, right? I'm sure, but I'm focused on these particular— that we have to send it back down to be reevaluated. Your Honor, I'd just go back to the process. In my view, there was a lack of a thorough and searching analysis. And when the government is seeking the maximum punishment under the law, and he has accepted responsibility to charge an uncharged conduct, and there is serious mitigation, more should have been done here. And as this Court has said, where an extraordinary sentence is going to be imposed, extraordinary justification should be in place to support that sentence. And in our view, that didn't happen. All right. Well, you reserve two minutes. We've gone over, but you reserve two minutes for rebuttal. We'll now hear from Mr. Sobelman on behalf of the government. May it please the Court, my name is Robert Sobelman, and I'm an Assistant United States Attorney in the Southern District of New York. I represent the United States on this appeal and in the District Court below. Mr. Secuti's opening brief claims that he's challenged in the substantive reasonableness of the sentence, but it became clear in the reply brief and in today's argument that all of his challenges are really procedural, all of which are forfeited and only reviewable for plain error. Mr. Secuti does not come close to meeting that standard in this case. Most of his time was spent talking about the District Court's purported failure to acknowledge or engage with the mitigating arguments that defense counsel made at sentencing. Mr. Secuti is wrong. The record reflects that not only did Judge Buchwald say that she had read all the materials at least twice, but that at the sentencing she engaged directly on all of the defendant's principal arguments that he claimed were mitigating and justified a sentence below the statutory maximum. This is evident on pages 717 and 718 of the appendix. Mr. Secuti is incorrect that the Court has to give whatever weight or take in whatever way the defense argument is made as the way that the Court should ultimately view it. This Court has repeatedly said in multiple cases, including in Wagner-Dano, which is cited at page 49 in our brief, that the Court does have to consider all the statutory factors, but the Court doesn't have to place on the record any reasoning as to each and every factor, doesn't have to respond to each and every argument, but here she did. Let me ask a question that is not really in line with what you're doing now, but it seems to me worth considering. I mean, this was a case in which there's a plea agreement that stipulates to uncharged conduct that the parties agree will be deemed relevant conduct and can be considered by the Court, right? Yes, Your Honor, relevant conduct or other conduct of the defendant. All right, but I guess is there a limit to that? I mean, I know that the case law is pretty clear on this, that uncharged conduct is permissible, that all courts can consider it, but of the 18 victims who were not the victims in the charge in counts of indictments, I mean, how many of them would have been deemed protected persons under the federal statute that he pled guilty to? Likely none of them during that time period that they were assaulted. Okay, and so I guess I'm trying to figure that out. So if this were an insider trading case, would it be appropriate for a court to consider the fact that there were victims of rape where a defendant had been acknowledged, that that would be something that a court would consider and deem relevant conduct or a conduct that can be considered in constructing a sentence? It may not be relevant conduct. It may not be other conduct of the defendant, but it certainly would be something that the court could consider in constructing a sentence. Section 3661 provides that no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence. And the government's not aware of case law putting limitations on the very clear and plain language of that statute. Here, obviously, we're not in the situation Your Honor is positing because the defendant not only did not object to the court considering this information but stipulated to the conduct in his plea agreement, waiving any potential objection beyond just a forfeiture of the argument. And this court in Eberhard, which is cited at page 46 of our brief, made clear that a sentencing court's discretion is largely unlimited, either as to the kind of information it may consider or the source which it may come from. And here, we're not in a situation where there's anything unusual happening. There are victims of conduct that the defendant stipulated to that was included in the PSR without objection. Many of them that spoke simply read written statements that had already been submitted to the court without objection. The defense counsel at sentencing not only did not object to the victim speaking, she asked that they be provided the opportunity to speak first. This is not... You didn't ask for a break so that the court could pace itself? No, Your Honor. And the suggestion that a district court could commit error by holding a lengthy sentencing proceeding that might proceed over two or three hours without taking a break is absurd. The district court, of course, is in the best situation to know whether a break is needed or not, and there is no case that Mr. Secuti can point to saying the district court needs some point of reflection. Not to mention, while it was an emotional proceeding, as any would be involving victims of these types of crimes, most of this material was before the district court weeks before the proceeding. This was not new information. There was no surprises. There were no disputes of fact that had to be resolved and then reflected upon. This was a situation where the district court was certainly hearing from people who were impacted by the crime but was in the best position and did appropriately account for the information that was being received in real time. Can I just ask you... Go ahead, please. I'm sorry. I just was going to ask about the idea that the justification for the departure here should have been, I guess, more full, some more detail, what have you. What do we make of the fact that the assistant at trial, I don't know if that was you or one of your colleagues, did try to get the judge to say a bit more about the justification of departure? Twice sort of raised this idea of, well, can you say a little more about the justification for this? Yes, Your Honor. The variance here, not a departure, but a variance that Judge Buchwald imposed did not require any more explanation that was already on the record. It was lengthy and detailed. What my colleague was doing at the sentencing was confirming that the judge would file a written statement of reasons. And if you read the transcript carefully, it's not as precise as it could have been, but at pages 722 and 723 of the appendix, and the defense misreads this in their reply brief, the government is simply attempting to confirm that under section 3553C2, the district court would file a written statement of reasons in light of the fact that it was an above-guideline sentence. The judge, after asking a couple follow-up questions, seemed to understand that that was the question and confirmed that of course she would, and she did. Would you normally remind judges that they need to give written statements of reasons for anything that is a non-guideline sentence? Your Honor, as the court may know, we often have a checklist that we are checking off as we go through a proceeding, like a sentencing or a plea. And on the checklist is make sure that the judge knows that they need to file a written statement of reasons. In this court, in the Southern District of New York, above-guideline sentences aren't that common. Sometimes they're totally appropriate, as they were in this case, but out of an abundance of caution, the government raised it in this case just to make sure there was no misunderstanding, that there wasn't some inadvertent error by the court. And the court quite correctly said, of course I know that I have to do that, and I will do that, and the judge did do that. Is there anything you can point to to respond to your adversary's argument that the judge gave no weight to Mr. El-Khorani's admission of responsibility and to his personal circumstances in assessing the penalty? Your Honor, it's not about how much or how little weight in the government's view. It's about making sure that the court, the judge, the district judge, acknowledges, understands, and considers the argument. And so here, obviously, the statutory maximum sentence was imposed, and I think at certain points in the proceeding, particularly when the court was talking about the penalties that could apply if the conduct was charged in other circumstances, implied, in the government's view, correctly, that if the statutory maximum were higher, she might have imposed an even higher sentence. And that was the benefit of the bargain here in the plea context, which is the defendant was charged with crimes that would have had a 20-year statutory maximum collectively. He was permitted to plead guilty to a 15-year statutory maximum, and part of the bargain was that he would admit all the other conduct because it was so incredibly important to the victims to know that what happened to them was real, that he was acknowledging it, and to vindicate the victim's interest in this case and to avoid what would be a trial that would be incredibly emotionally difficult to put 20 different women from around the world through. The government entered into the plea agreement just as willingly as the defendant did. And here, Judge Buchwald did reject some of the mitigating arguments, including an expression of remorse. And to point to that, she noted that while the defendant said, all I want is treatment, give me as little jail as I can because I just want treatment, he had been on bail for two years and had never sought treatment. Not one session. So it rang hollow to the court, and the district judge, having supervised the defendant for those two years, was in the best position to weigh that factor, and that's why this court accords such deference under these facts. Thank you. Can I just ask one other question? This is kind of following up on the question I asked before. Here, the defendant stipulated to this conduct. What if he hadn't? Would it be appropriate, then, to have a sentencing hearing with witnesses and testimony about these other acts? Your Honor, it would likely be in the district court's discretion to decide what the scope of evidence to be considered would be. And if it were just an insider trading case or a tax fraud case? Same thing? The courts could have basically many trials, preponderance of the evidence standard to consider whether uncharged conduct involving a violent rape is something that the judge will sentence on? I think the district court would have to decide whether it might be material to their sentence. Under Section 3661, it does state very clearly that there are no limitations that can be placed on the information the judge can consider with respect to background and character. This creates some concerns, though, that one would ordinarily get a jury trial and a proof beyond a reasonable doubt standard for crimes, but with 3661 and what you're advocating, courts and prosecutors could basically decide we're going to charge one thing and then at sentencing basically prove other things to a lesser standard of proof. I don't see a concern. Do you not see a problem there? Your Honor, the government takes your point, but I think we're living under the statutory regime that's imposed. I'm not aware of a case where that's become a problem or become an issue and certainly be within the district court's discretion to navigate that circumstance based on the facts in that case. But of course, as Your Honor has acknowledged, it's certainly not the case here. Well, he's stipulated to not only that it happened, and it's truth, but that it's permissible to be considered under the guidelines. Yes, Your Honor. All right. Okay, thank you, Mr. Sobelman. Mr. Cicutti, you have two minutes of rebuttal. A couple of points. I want to go back to a point that was raised during the sentencing related to the government's request for an explanation from the sentencing court with respect to the sentence. And I think this confirms, even from the government's perspective, that a more thorough explanation was needed. And I think words are important. And the government says, and again, at the conclusion of this proceeding, the following. But in light of the court's decision to impose an above-guideline sentence, we would just respectfully request, in an abundance of caution, that the court address the sentence and the court's statement of reasons. And I want to pause there for a moment because the assistant was not asking for a statement of reasons, a written statement of reasons, a form to be completed, nor was she specifically pointing to Section 3553C2 when she made that request. And she had another opportunity to do so. And again, she did not. And in that remark to the court, she says, and again, words are important, Your Honor, that the court address the sentence in light of the decision to impose an above-guideline sentence in the judgment. So as we have argued in our brief, the government was asking the sentencing court to address the sentence because... I don't know what that means, address the sentence. What does that mean? I'm not sure. I mean, I didn't make the request. But certainly she was not asking for a written form to be completed. And this, to me, indicates that the government recognized an issue, a problem. But why does that even matter? I mean, if the government is squirrely about this, that's great, I suppose, but ultimately it doesn't affect our standard of review. We have to decide whether, on this record, sufficient reasons were provided, right? Understood. I just think that the government, and again, my view, their concession that there was a lack of a thorough explanation I think is relevant for the court's decision on the issue that we've raised. I'm not sure it was a concession. There was a lack of a sufficient explanation. It was urging the court to provide yet more, and particularly in the context of the statement of reasons form. I mean, I think it's unfair to treat it as a concession. That was my interpretation, concession. I used that word. That's one point. And I also want to come back to the government's characterization of this proceeding. This was an unusual proceeding. Judge Buchwald acknowledged that. It was also an emotional proceeding, and the government agrees with that. And in this unusual and emotional proceeding, again, there should have been a thorough and searching analysis of the 3553A factors. Again, Mr. Al-Qurani did accept responsibility. He acknowledged the harm that he had done to the victims. He, through his conduct by pleading guilty, a trial had been avoided. And based upon that factor, along with all the other mitigating factors, a sentence of less than 15 years should have been imposed. Thank you. Thank you, Mr. Security and Mr. Sullivan. We will reserve decision. Thank you.